UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| PHILLIP A. KENNER | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 7:08-73-KKC |
| | ) | |
| V. | ) | |
| | ) | |
| T.S. MARTIMER, ET AL. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants | ) | |

**\*\*\*\*  \*\*\*\*  \*\*\*\***

Phillip A. Kenner ("Kenner"), an individual confined in the United States Penitentiary - Big Sandy in Inez, Kentucky ("U.S.P. - Big Sandy"), has filed a complaint asserting a civil rights claim under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Kenner is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

## I.      FACTUAL BACKGROUND

In his Complaint, Kenner alleges that on the evening of January 29, 2007, Defendant Corrections Officer Davis searched his cell and found two homemade knives behind the secured access panel of the cell's toilet. At the time, both Kenner and cellmate Hector Roldan-Luna ("Roldan-Luna") denied

knowledge or ownership of the weapons.  A disciplinary hearing was delayed while the FBI/SIS determined whether to bring more formal charges.

Once those agencies declined to investigate the matter or seek criminal charges, Defendant Disciplinary Hearing Officer ("DHO") Martimer conducted a hearing on February 23, 2007.  Kenner includes an unsigned, partially completed Report from the DHO, finding him guilty of the offense, but not indicating a sanction for the Code 104 offense of Possession of a Weapon.[1]

On May 2, 2007, Kenner challenged the disciplinary finding by filing a Form BP-10 with the BOP's Mid-Atlantic Regional Office ("MARO").  In his appeal, Kenner contended that the knives did not belong to him, and included an affidavit from Roldan-Luna in which the latter acknowledged that the weapons belonged to him.  Kenner also noted his prior record of clean conduct.  It appears that Kenner filed a second Form BP-10 on June 8, 2007, apparently because the first was lost or simply not filed.

On September 17, 2007, MARO denied Kenner's appeal.  In its response, MARO noted that Roldan-Luna's admission lacked credibility because during the prior disciplinary proceedings, he had denied ownership of the weapons.  The response further noted that inmates commonly trade such admissions for favors.  On November 8, 2007, Kenner filed his appeal to the BOP's Central Office of Inmate Appeals, re-asserting the same grounds previously asserted before MARO.  That appeal was denied on February 14, 2008.

Kenner filed this action on March 29, 2008, seeking expungement of the disciplinary conviction from his records as well as monetary damages.

---

[1]  The information before the Court is insufficient to determine whether Kenner was sanctioned with the loss of Good Conduct Time ("GCT").  Given the severity of the offense, however, this result seems likely.  If so, Kenner cannot bring a *Bivens* action until his disciplinary conviction is reversed, as success in a *Bivens* action would necessarily imply the invalidity of his conviction.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Lanier v. Bryant,* 332 F.3d 999, 1005 (6th Cir. 2003) (applying *Balisok* to *Bivens* actions).

## II.    DISCUSSION

Kenner's *Bivens* claim fails on both procedural and substantive grounds.

Procedurally, federal law requires a prisoner challenging prison conditions pursuant to 42 U.S.C. § 1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court.  42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999).  The BOP's grievance process is set forth at 28 C.F.R. §§ 542.10-.19.  That process requires an inmate challenging a disciplinary finding of the DHO to file a Form BP-230 with the appropriate regional office within 20 days of the DHO's finding.  28 C.F.R. § 542.14(a); Program Statements 1330.13(8)(d)(2); 5270.07(8)(1).

In this case, the DHO rendered his decision on February 23, 2007, but Kenner did not file his grievance with MARO until May 2, 2007, well beyond the 20-day deadline.  The Supreme Court has held that in order to satisfy the requirement that administrative remedies be exhausted prior to filing suit, those remedies must be exhausted properly and within the time frames required by the remedy process, and the failure to do so conclusively bars those claims.  *Woodford v. Ngo*, 548 U.S. 81, 97 (2006).  Because Kenner did not then and cannot now meet the deadlines for filing a prison grievance under 27 C.F.R. § 542.14(a), his *Bivens* claims are forever barred.

Even if Kenner's claims under *Bivens* were properly exhausted, they would fail on the merits.  In his Complaint, Kenner alleges at most that the DHO's finding was not supported by legally-sufficient evidence in light of his prior record of good conduct and his cellmate's after-the-fact admission of ownership of the knives.  Neither of these grounds provide any basis to undermine the DHO's finding.  As a threshold matter, only the DHO actually found Kenner guilty of the Code 104 violation - none of the other Defendants was personally involved in that decision.  Defendants White and Watts merely denied his administrative grievances challenging that decision, and Defendants Davis and Fultz merely

3

gave evidence to the DHO or provided procedural support during the disciplinary process. None of this conduct is sufficient to support a finding that these individuals was "personally involved in the alleged deprivation of federal rights" as required for liability to attach. *See Nwaebo v. Hawk-Sawyer*, 83 Fed.Appx. 85, 86, 2003 WL 22905316, *1 (6th Cir. 2003) (unpublished disposition) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The requirement of personal involvement does not mean that the particular defendant actually committed the conduct complained of, but it does require a supervisory official to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982). The conduct challenged here is the sufficiency of the evidence used to convict Kenner, a determination made only by the DHO. Because none of the other individuals had any direct participation in that conduct, they cannot be said to have been personally involved in any conduct violative of plaintiff's rights. The Sixth Circuit has specifically held that *Bivens* liability may not be imposed simply because a defendant denied an administrative grievance or failed to act because of information contained in a grievance. *Shehee v. Lutrell*, 199 F.3d 395, 300 (6th Cir. 1999).

With respect to DHO Martimer, the Due Process Clause requires only that a prison disciplinary finding resulting in the loss of GCT be supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Here, both inmates denied ownership of the weapons, but the weapons were contained in a secreted location of the cell they both occupied. At the time of the hearing, cellmate Roldan-Luna denied ownership of the weapons; his subsequent admission of ownership of the weapons was not made until after the DHO hearing, and was made by an inmate whom Kenner acknowledged had limited command of the English language. Finally, the DHO report noted that BOP regulations do not merely prohibit prisoners from possessing weapons, but they must act affirmatively to ensure that their cells remain free of any contraband. In light of the totality of the evidence before the DHO, the record

4

provides ample basis to conclude that the DHO's decision was supported by "some evidence." Accordingly, Kenner's conviction of the disciplinary infraction comports with the requirements of the Due Process Clause. *Williams v. Bass*, 63 F.3d 483, 486 (6th Cir. 1995).

## III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1.      Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE.**

2.      The Court certifies that any appeal would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

3.      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Dated this 6th day of June, 2008.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

5